IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02717-PAB

RODNEY P. SMITH,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

## ORDER

This matter is before the Court on plaintiff Rodney P. Smith's complaint [Docket No. 1], filed on October 3, 2013. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.[1]  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

## I. BACKGROUND

On November 3, 2010, plaintiff applied for disability benefits under Title II of the Act. R. at 21. Plaintiff alleged that he had been disabled beginning August 15, 2008, *id.*, but later changed his alleged onset date to April 19, 2009. *Id.* at 40. After an initial administrative denial of his claim, plaintiff appeared at a hearing before an

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Administrative Law Judge ("ALJ") on June 25, 2012. *Id*. at 21.[2]  On July 5, 2012, the ALJ issued a decision denying plaintiff's claim. *Id*. at 32.

The ALJ found that plaintiff had the severe impairments of cardiac arrhythmia, cardiomyopathy, remote history of mitral valve prolapse, status post mitral valve reconstruction/replacement, and anxiety disorder. *Id.* at 23.  The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id.* at 23-25, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following specific restrictions and requirements: [plaintiff] is not required to stoop, balance, crouch, or kneel more than occasionally; [plaintiff] is not required to climb or crawl; [plaintiff] is not required to lift more than five pounds occasionally and two and a half pounds frequently; [plaintiff] is not required to walk for more than 20 minutes at one time without the opportunity to sit; [plaintiff] is not required to work above shoulder level with the left (non-dominant) upper extremity; [plaintiff] is not required to work at unguarded heights or near unguarded hazardous mechanical equipment; [plaintiff] is not required to do more than the lower-end of detailed instructions; [plaintiff] is not required to have more than superficial interaction with the public; [plaintiff] is not required to be exposed to extreme temperatures and high humidity; [plaintiff] is not required to work near gas flames; [plaintiff] is not required to work with power tools; and [plaintiff] is not required to work near any equipment creating magnetic fields.

*Id.* at 25.  In formulating this RFC, the ALJ relied in part on the testimony of Dr. H.C. Alexander, a medical expert who testified at the hearing.  *See id.* at 23, 28.  Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  R. at 31.

---

[2]An impartial medical expert, Dr. H. C. Alexander, also testified at the hearing. R. at 21.

The Appeals Council denied plaintiff's request for review of this denial. R. at 1. Consequently, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of

establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff argues that the ALJ erred (1) by improperly weighing the medical evidence and medical source opinions in determining that plaintiff's impairments did not equal a listing; (2) by failing to afford proper weight to plaintiff's treating physician, Dr. Kelly Kim, (3) in determining plaintiff's RFC, and (4) by failing to support his step five finding with substantial evidence. *See* Docket No. 20. Plaintiff also argues that the Appeals Council improperly rejected evidence submitted after the ALJ's decision. *Id.* at 28-30.

The Court first addresses the weight given to Dr. Kim's opinion.[3] Two portions of the ALJ's decision are relevant to this discussion. First, at the hearing, Dr. Alexander

---

[3]The ALJ merged the discussion of whether plaintiff's impairments equal a listed impairment with his determination of plaintiff's RFC, *see* R. at 23, 28. In both discussions, the ALJ referred to the testimony of the medical expert who testified at the hearing, Dr. Alexander, who characterized the findings of Dr. Kim. *See id.* Thus, the discussion of the weight given to Dr. Kim's opinion necessarily overlaps the interrelated issues of the ALJ's step three determination that plaintiff's impairments did not medically equal a listed impairment and the ALJ's RFC determination.

testified that, according to Dr. Kim,[4] plaintiff suffered from class III congestive heart failure. R. at 43, 45. Dr. Alexander testified that Dr. Kim's opinion was "based on symptoms and not objective findings," *id.* at 45, and that there is "no objective evidence of congestive heart failure[.]" *Id.* at 43. Dr. Alexander testified that the record provides "ample support of some serious cardiomyopathy" and that, during an evaluation on September 9, 2010, plaintiff's "ejection fraction"[5] of 27% showed that plaintiff was "almost immobile." *Id.* at 44. During a December 2011 evaluation at the University of Colorado, however, plaintiff's ejection fraction had improved to 35%, a level that, in Dr. Alexander's opinion, enabled plaintiff to perform a range of work consistent with a sedentary RFC. *Id.* at 45. Ultimately, Dr. Alexander concluded that, while he did not believe that the objective evidence supported such a finding, if the ALJ were to "accept [Dr. Kim's] statement based on symptoms and not objective findings," plaintiff would "equal a combination of [listings] 4.02 and 4.05[.]"[6] *Id.* at 45. Dr. Alexander did note, however, that a May 4, 2011 overnight oxygen evaluation for hypoxemia provided objective support for plaintiff's symptoms. *Id.* at 44.

---

[4]Dr. Alexander referred generally to plaintiff's "treating physicians." R. at 43. The medical evidence that Dr. Alexander cited, however, confirms that his reference to the opinions of plaintiff's "treating physicians" relates to Dr. Kim's treatment notes. *See id*. at 43-44 (referring to *id.* at 413-414, 602),

[5]An ejection fraction is "the blood contained in the ventricle at the end of diastole that is expelled during its contraction, i.e., the stroke volume divided by end-diastolic volume, normally 0.55 (by electrocardiogram) or greater; with the onset of congestive heart failure, the ejection f[actor] decreases, sometimes to 0.10 or even less in severe cases." Stedman's Medical Dictionary, ejection fraction (28th ed. 2005).

[6]Listing 4.02 describes "chronic heart failure," while listing 4.05 describes "recurrent arrhythmias." 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 4.02, 4.05.

The ALJ's finding that plaintiff did not equal listings 4.02 and 4.05 required him to reject Dr. Kim's opinion that plaintiff suffered from class III congestive heart failure.[7] The ALJ gave "little weight" to Dr. Alexander's opinion that, accepting Dr. Kim's opinion, plaintiff's impairments equaled listings 4.02 and 4.05. Although the ALJ did not explicitly state that he rejected Dr. Kim's assessment or give reasons for doing so, he found, based on Dr. Alexander's testimony regarding plaintiff's RFC, that the objective evidence in the record did "not show severity of heart problems sufficient to equal the noted listings." R. at 23.

Second, after the hearing, Dr. Kim submitted a short letter dated June 29, 2012 stating that plaintiff "qualifies for disability from a cardiac standpoint due to his Class III-IV heart failure symptoms."[8] R. at 722. Dr. Kim further stated that plaintiff's "heart failure symptoms are experienced as fatigue and shortness of breath" and referred the reader to his "last office note" for additional details. *Id.* The ALJ said that he gave "[v]ery little weight" to Dr. Kim's opinion that plaintiff "qualifies for disability" on the

---

[7]Dr. Kim described plaintiff as demonstrating "class III CHF symptoms" on May 20, 2011. R. at 602-03. As noted above, Dr. Alexander testified that, if the ALJ accepted plaintiff's treating physicians' opinion that plaintiff suffers from class III congestive heart failure, plaintiff would equal listings 4.02 and 4.05. *See* R. at 44-45.

[8]"Class III-IV" heart failure refers to the New York Heart Association Functional Classification of heart failure. "Doctors usually classify patients' heart failure according to the severity of their symptoms. . . . [The New York Heart Association Functional Classification] places patients in one of four categories based on how much they are limited during physical activity." Am. Heart Ass'n, *Classes of Heart Failure*, *available at* http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp. Class III heart failure means "[m]arked limitation of physical activity. Comfortable at rest. Less than ordinary activity causes fatigue, palpitation, or dyspnea." *Id.* Class IV heart failure means "[u]nable to carry on any physical activity without discomfort. Symptoms of heart failure at rest. If any physical activity is undertaken, discomfort increases." *Id.*

ground that the conclusory opinion from a treating physician that a claimant is disabled is an opinion "on an issue that is reserved to the Commissioner of the Social Security Administration."  R. at 30.  The ALJ also states that Dr. Kim did "not identify any objective findings, physical examination findings, or imaging or testing results, nor are any specific work-related functional restrictions pointed out."  *Id.*

Plaintiff argues, first, that the ALJ improperly discounted Dr. Kim's opinion based on plaintiff's symptoms, Docket No. 20 at 20, and second, that Dr. Kim's opinion is based on a lengthy treatment record that consistently documents plaintiff's "complaints of fatigue, shortness of breath, and palpitations, and objective diagnostic testing as well as clinical examination findings."  *Id.* at 23.  Defendant responds that the ALJ properly discounted Dr. Kim's opinion as relying on subjective symptoms, Docket No. 21 at 14, and that the opinion reflected in Dr. Kim's June 2012 letter was conclusory and identified no objective findings.  *Id.* at 20-21.

The Court first finds that the ALJ's implicit rejection of Dr. Kim's opinion on the grounds that it relied on plaintiff's subjective complaints was error.  Both in formulating his RFC finding and in finding that plaintiff did not medically equal listings 4.02 and 4.05, the ALJ simply recited Dr. Alexander's characterization of the objective evidence. *See* R. at 23, 26-28.  The ALJ did not mention Dr. Kim's treatment notes, except to repeat Dr. Alexander's assessment that the opinions reflected therein were based on subjective reporting of symptoms.  *See id.* at 23, 27-28.  However, "a medical finding of disability is not based solely on objective test results.  It includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective

8

complaints of pain." *Nieto v. Heckler*, 750 F.2d 59, 61-62 (10th Cir. 1984); *see also Cross v. Colvin*, No. 12-cv-03310-REB, 2014 WL 5002094, at *2 (D. Colo. Oct. 6, 2014) (the notion "that the ALJ may discredit a physician's opinion because it relies on a claimant's subjective complaints (which the ALJ herself found unworthy of credence) is directly contrary to the law of this circuit") (citing *Nieto*, 750 F.2d at 61-62). Where an ALJ disregards the opinion of a treating physician solely because the physician relies on a claimant's subjective symptoms, remand is appropriate. *Cf. Victory v. Barnhart*, 121 F. App'x 819, 823 (10th Cir. 2005) (unpublished) (remanding where the ALJ discounted treating physician's opinion as based on the claimant's subjective report of her symptoms and "the ALJ's finding ignores all of [the physician's] examinations, medical tests, and reports.").

Second, the Court finds that the ALJ erred in failing to explain the weight given to the opinion stated in Dr. Kim's June 2012 letter that plaintiff suffers from "Class III-IV heart failure symptoms" that are "experienced as fatigue and shortness of breath." R. at 722. The ALJ correctly noted that Dr. Kim's conclusory opinion that plaintiff "qualifies for disability" is an opinion on an issue that is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(e)(2) (ALJs are "responsible for reviewing the evidence and making findings of fact and conclusions of law"). Dr. Kim's letter, however, was not limited to opining that plaintiff "qualifies for disability." Dr. Kim identified his diagnosis of plaintiff's condition, described the primary symptoms that plaintiff experiences as a result of that condition, and referred to a specific treatment note as providing supporting evidence. Dr. Kim's precise diagnosis that plaintiff suffered from Class III-IV heart failure symptoms is not itself determinative of disability, but the ALJ was at least required to

examine the underlying evidence of heart problems, including Dr. Kim's reliance on plaintiff's symptoms and his interpretation of those symptoms, in making a disability determination. Although Dr. Kim's letter was brief and did not link his findings to specific exertional limitations, the ALJ was not entitled to dismiss Dr. Kim's opinion summarily.

The Tenth Circuit Court of Appeals has held that "in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). First, the ALJ must decide whether a treating physician's opinion "is conclusive, i.e., is to be accorded 'controlling weight,' on the matter to which it relates." *Id*. (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). Second, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the opinion merits some measure of deference to be determined based on an application of the factors listed in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), including the length of the treatment relationship, the nature and extent of the relationship, the extent of the supporting evidence, consistency with the record as a whole, and the level of specialization of the treater. "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995). "If this is not done, a remand is required." *Krauser*, 638 F. 3d at 1330.

Here, the ALJ did not discuss Dr. Kim's letter except to discount the conclusion that plaintiff "qualifies for disability." *See* R. at 30. The ALJ did not mention the treating

note to which Dr. Kim referred in his letter, *see id.* at 722, 585, or acknowledge any other findings from Dr. Kim's treating relationship with plaintiff, which dates back to at least April 2009.  *See id.* at 225-26.  Even where an ALJ concludes – implicitly or explicitly – that a treating physician's opinion is not well-supported, remand is required where the ALJ "never addressed in his decision whether the opinion was entitled to less-than-controlling weight, and he never discussed any of the factors set forth in [20 C.F.R. §§] 404.1527 and 416.927."  *Victory*, 121 F. App'x at 824 (citation omitted).

The ALJ's reconsideration of Dr. Kim's opinion will provide the ALJ with the opportunity to assess the totality of evidence in plaintiff's case.  Therefore, the Court will not address plaintiff's remaining evidence.  *Watkins*, 350 F.3d at 1299 ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand").

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED March 30, 2016.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge